IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) WINN & ASSOCIATES, PLLC, An Oklahoma Professional Limited Liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13-CV-427-JHP |
| (1) EMCARE PHYSICIAN PROVIDERS, INC., A Missouri Corporation, | ) ) ) ) | |
| (2) EMCARE PHYSICIAN SERVICES, INC., A Delaware Corporation, | ) ) ) ) | |
| (3) EMCARE, INC., A Delaware Corporation, | ) ) ) | |
| (4) EMCARE HOLDINGS, INC. A Delaware Corporation, | ) ) ) | |
| (5) ENVISION HEALTHCARE HOLDINGS, INC. A Delaware Corporation, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is the Motion for Summary Judgment and Brief in Support filed by Defendants EmCare Physician Services, Inc., EmCare, Inc., EmCare Holdings, Inc., and Envision Health Care Holdings, Inc ("moving Defendants")(Dkt. #54). These moving Defendants seek summary judgment on Plaintiff's alter-ego claims, arguing they are entitled to judgment as a matter of law "because there is no evidence to support any breach of contract or alter ego theory against the moving Defendants: EmCare Physician Services, Inc., EmCare, Inc., EmCare Holdings, Inc., and Envision Healthcare Holdings, Inc." (Dkt. #54 at 2). Based on the

1

record before the Court, with the exception of Defendant EmCare Physician Services, Inc., the Court finds that Defendants' Motion for Summary Judgment should be denied.  In addition, the Court dismisses EmCare Physician Services, Inc., as a defendant in this case.

I.      SUMMARY JUDGMENT STANDARDS

Federal Rule of Civil Procedure 56© provides the standard courts must use when determining whether summary judgment is proper. According to the rule, summary judgment should be rendered if the movant shows that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See also Kincaid v. Wells Fargo Sec.*, L.L.C., 870 F. Supp. 2d 1252, 1257 (N.D. Okla. 2012).  "On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Id.* (citing *Ricci v. DeStefano*, 557 U.S. 557 (2009)); *Bertsch v. Overstock.com*, 684 F.3d 1023, 1027 (10th Cir. 2012) ("We view the summary judgment evidence in the light most favorable to the nonmovant.").  Furthermore, "at the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *See Randle v. City of Aurora*, 69 F.3d 441, 453 (10th Cir. 1995).

In this judicial district, Local Rule 56.1 requires that a party begin their motion for summary judgment "with a section that contains a concise statement of material facts to which the moving party contends no genuine issue of fact exists.  The facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies."  See LCvR 56.1.  In this case, Defendants have not separately numbered their statement of facts but, instead, place them in a paragraph form, and reference a single "declaration" in support.  In their motion and brief, Defendants do not recite or discuss many of the facts contained in the declaration.

Because Defendants' motion for summary judgment does not concisely identify or number any alleged facts in support of their claim to summary judgment, the Court would be within its authority to deny said motion as not properly supported. See Fed.R.Civ.Proc. 56(a) (summary judgment only proper where "**movant shows that** there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law) (emphasis added). However, even aside from these irregularities, the Court concludes that Defendants' motion for summary judgment will be denied on the issue of alter-ego and (as shown in the separate order issued on this date), Plaintiff's motion for summary judgment will be granted.

## II.     THE FACTUAL RECORD

Plaintiff Winn & Associates, PLLC, has sued Defendant EmCare Physician Providers, Inc., for breach of contract. Plaintiff claims that, after Defendant EmCare Physician Providers, Inc., terminated its contract with Plaintiff, Defendant directly hired, retained or employed physicians that were previously employed by Plaintiff. Pursuant to Section 14.2 of their contract, Plaintiff claims to be entitled to $35,000.00 for each such physician, and has sued Defendant EmCare Physician Providers, Inc., for said amounts. In addition, Plaintiff has sued Defendants EmCare Physician Services, Inc., EmCare, Inc., EmCare Holdings, Inc., and Envision Healthcare Holdings, Inc., under an alter ego theory of liability.

Defendants EmCare Physician Services, Inc., EmCare, Inc., EmCare Holdings, Inc., and Envision Healthcare Holdings, Inc., have now moved for summary judgment in their favor. In support of their Motion for Summary Judgment, the moving Defendants state that Plaintiff and Defendant EmCare Physician Providers entered into a contract dated April 2, 2012. The moving Defendants state they were not parties to that contract. Rather, the moving Defendants claim they are "separate corporate entities, and maintain a separate legal existence from each other."

The moving Defendants' Motion for Summary Judgment contains no other factual information in support of their claim to summary judgment, but relies primarily on the alleged absence of evidence to support Plaintiff's alter ego theory against these Defendants.

Defendants have attached a "Declaration of Barbara Fit" to their motion for summary judgment. Defendants have failed to outline or discuss this Declaration in their motion with any degree of specificity. (See Dkt. #54 at 3). According to the Declaration, Barbara Fit is a corporate attorney for "Envision Healthcare Corporation," and is familiar with the corporate structure and contractual agreements between the moving Defendants and Defendant EmCare Physician Providers, Inc., and with third parties. Ms. Fit has stated, generally, that the moving Defendants and Defendant EmCare Physician Providers, Inc., are separate and distinct entities, and observe procedural formalities. Ms. Fit states that EmCare, Inc., provides administrative management services in hospital emergency departments, but did not provide any medical care or treatment at Muskogee Regional Medical Center; Emergency Physician Providers, Inc., routinely contracts with physician practice groups, such as Winn & Associates, to provide physician services to hospitals and hospital systems; EmCare Physician Services, Inc., contracts with hospitals to provide administrative services and arrange for physician services; EmCare Holdings, Inc., is a subsidiary of Envision Healthcare Holdings, Inc., and acts as a holding company with no employees, and does not provide medical or business administrative services; Envision Healthcare Holdings, Inc., is the indirect parent company for EmCare, Inc., EmCare Physician Services, Inc., EmCare Physician Providers, Inc., EmCare Holdings, Inc.; and each of these individual business entities is a "separate subsidiary" of Envision Healthcare Holdings, Inc.; that Winn & Associates had no direct contractual relationship with the moving Defendants; that the moving Defendants were set up to "facilitate the business operations of these entities"

4

and not to "circumvent a statute or for some illegitimate or fraudulent purpose"; and that each moving Defendant maintains a "separate bank account and separate finances" and is "sufficiently capitalized."

However, additional evidence has been presented on the summary judgment record that highlights the undisputed inter-relationship between the moving Defendants and EmCare Physician Providers, Inc. The Declaration of Ms. Fit, for instance, discusses the fact that EmCare, Inc., has entered into a contract with Muskogee Regional Medical Center, and has engaged EmCare Physician Providers to provide independent contractor physicians necessary to complete the medical practice coverage applicable to that contract. EmCare, Inc., then provided or coordinated the provision of the non-medical portion of the management services under its contract with Muskogee Regional Medical Center, L.L.C.

In addition, Plaintiff's response brief identifies these facts:

1. Defendant EmCare Physician Providers, Inc. is a wholly owned subsidiary of Defendant EmCare, Inc.

2. Defendant EmCare, Inc. is a wholly owned subsidiary of Defendant EmCare Holdings, Inc.

3. Defendant EmCare Holdings, Inc. is a wholly owned subsidiary of EmCare HoldCo Inc.

4. EmCare HoldCo Inc. is a wholly owned subsidiary of Emergency Medical Services LP Corporation.

5. Emergency Medical Services LP Corporation is a wholly owned subsidiary of Envision Healthcare Corporation.

6. Envision Healthcare Corporation is a wholly owned subsidiary of Envision Healthcare Intermediate Corporation.

7. Envision Healthcare Intermediate Corporation is a wholly owned subsidiary of Defendant Envision Healthcare Holdings, Inc., a publicly-traded company.

8. Sean Richardson, Chief Operations Officer of Envision Healthcare,[1] participated in the negotiation of the Agreement.

9. Sean Richardson executed the Agreement on behalf of Defendant EmCare Physician Providers, Inc.

10. Barbara Fit, corporate in-house counsel for Envision Healthcare, participated in the negotiation and drafting of the Agreement.

11. Barbara Fit, in her role as corporate in-house counsel for Envision Healthcare, has provided testimony concerning the corporate structure for <u>all</u> of the moving Defendants.

12. David Copple, Vice President of Business Development at Envision Healthcare, also participated in the negotiation of the Agreement.

13. William Sanger is the sole member of the Board of Directors of Defendant EmCare Physician Providers, Inc.

14. William Sanger is a member of the Board of Directors of Defendant Envision Healthcare Holdings, Inc. Additionally, he is its President and Chief Executive Officer.

15. Todd Zimmerman is the President of Defendant EmCare Physician Providers, Inc.

16. Todd Zimmerman is also the Executive Vice President of Defendant Envision Healthcare Holdings, Inc.. Additionally, he is the President and Chief Executive Officer of Defendant EmCare, Inc.

---

[1] During the negotiation of the Agreement, Sean Richardson's electronic signature purported him to be the Chief Operation Officer of the West Division of Defendant EmCare, Inc.

17. Craig Wilson is the Secretary of Defendant EmCare Physician Providers, Inc.

18. Craig Wilson is also the Senior Vice President, General Counsel, and Secretary for Defendant Envision Healthcare Holdings, Inc.

19. Steve Ratton is the Treasurer of EmCare Physician Providers, Inc.

20. Steve Ratton is also the Executive Vice President, Chief Strategy Officer, and Treasurer of Defendant Envision Healthcare Holdings, Inc.

21. No employees of Defendant EmCare Physician Providers, Inc. participated in the negotiation of the Agreement with Winn.

22. The moving Defendants share a commonality in purpose, insofar as they are organized to participate in the management of hospitals around the nation.

## III. ANALYSIS

In this case, Plaintiff seeks to impose liability on the moving Defendants under an alter-ego theory of liability. (Dkt. #3-1 at 2, ¶6). The standards for this theory of liability are well-settled in Oklahoma:

> One corporation may be held liable for the acts of another under the theory of alter-ego liability if (1) the separate existence is a design or scheme to perpetuate a fraud *or* (2) one corporation is merely an instrumentality or agent of the other." *Gilbert v. Sec. Fin. Corp. of Okla.,* 152 P.3d 165, 175, 2006 OK 58, ¶¶ 22–23 (citing *Gibson Prod. Co., Inc. of Tulsa v. Murphy,* 100 P.2d 453, 458, 1940 OK 100, ¶ 36) (emphasis supplied). Oklahoma law also includes a list of nine factors that courts may consider when determining whether to hold one corporation liable for the acts of another corporation—the factors "hinge primarily on control." *Id.* at 175, 2006 OK 58, ¶ 23 (citing *Oliver v. Farmers Ins. Group of Cos.,* 941 P.2d 985, 987, 1997 OK 71, ¶ 8). As seen *supra,* Oklahoma law is stated in the disjunctive, requiring *either* a showing fraud or that one corporation is merely the instrumentality of another.

*Canal Ins. Co. v. Montello, Inc.*, 822 F.Supp.2d 1177, 1181-82 (N.D. Okla. 2011). The factors that the jury may consider in determining whether to hold one corporation liable for the acts of another are:

> (1) the parent corporation owns most or all of the stock; (2) the corporations have common officers or directors; (3) the parent provides financing to the subsidiary; (4) the dominant corporation subscribes to all the other's stock; (5) the subordinate corporation is under capitalized; (6) the parent pays the salaries, expenses or losses of the subsidiary; (7) a great deal of business is with parent corporation or assets of the former were conveyed to the other corporation; (8) the parent refers to the subsidiary as a division or department; (9) the subsidiary follows directions from the parent's officers or directors; (10) legal formalities for keeping the entities separate are observed.

*Oliver v. Farmers Ins. Group of Companies*, 1997 OK 71, ¶8, 941 P.2d 985, 987 (*citing Frazier v. Bryan Memorial Hosp. Authority*, 1989 OK 73, 775 P.2d 281, 288). Also important is the commonality of purpose between the corporations. *Id.* All of these factors need not be present for a court to determine that one entity is the alter ego of another. *See Lowell Staats Min. Co., Inc. v. Pioneer Uravan, Inc.*, 878 F.2d 1259, 1263 (10th Cir. 1989). "[A]ll of these factors need not be present for a court to determine that a particular corporation is an alter ego of another corporation." *In re Moran Pipe & Supply Co., Inc.*, 130 BR. 588, 591 (Bkrtcy. E.D. Okla. 1991). (emphasis added). Proof of fraud is not an element under the alter ego doctrine. *Id.*

Defendants' sole basis for arguing that Defendants EmCare Physician Services, Inc., EmCare, Inc., EmCare Holdings, Inc., and Envision Health Care Holdings, Inc., are entitled to summary judgment is that Plaintiff cannot prove that any of these named Defendants were alter egos of Defendant EmCare Physician Providers, Inc. Defendants' argument lacks merit, as it relies entirely on the self-serving declaration of Barbara Fit, which does not unequivocally demonstrate that none of these Defendants can be found liable on an alter ego theory of liability. Out of all the Defendants named, only one, Envision Healthcare Holdings, Inc., is publicly-traded. Each of the other Defendants is wholly-owned by Envision Healthcare Holdings, Inc. Defendant Envision Healthcare Holdings, Inc., ultimately owns all of the stock of Defendant

EmCare Holdings, Inc., which in turn owns all of the stock of Defendant EmCare, Inc., which in turn owns all of the stock of EmCare Physician Providers, Inc.

Defendant EmCare Physician Providers, Inc., shares all of its directors and officers with its parent companies. William Sanger is the sole member of the Board of Directors of Defendant EmCare Physician Providers, Inc., and he is also on the Board of Directors for Envision Healthcare Holdings, Inc., as well as being its President and CEO. Todd Zimmerman is the President of Defendant EmCare Physician Providers, Inc., but he is also the Executive Vice President of Defendant Envision Healthcare Holdings, Inc., and the President and CEO of Defendant EmCare, Inc. Craig Wilson is the Secretary of Defendant EmCare Physician Providers, Inc., but he is also the Senior Vice President, General Counsel, and Secretary for Defendant Envision Healthcare Holdings, Inc. Steve Ratton is the Treasurer of EmCare Physician Providers, Inc., but he is also the Executive Vice President, Chief Strategy Officer, and Treasurer of Defendant Envision Healthcare Holdings, Inc. Barbara Fit is a corporate attorney for "Envision Healthcare Corporation," and purports to render factual statements concerning each of the moving Defendants. Further, the leadership of EmCare Physician Providers is also a part of the leadership of Defendants EmCare, Inc., and Defendant Envision Healthcare Holdings, Inc.

With respect to the negotiation of the Agreement that is the subject of this lawsuit, not a single employee of EmCare Physician Providers, Inc., participated in the negotiation, execution, or drafting of the Agreement. This agreement was negotiated by employees of Envision Healthcare. The Agreement was executed on behalf of EmCare Physician Providers, Inc., by an employee of Envision Healthcare. Accordingly, EmCare Physician Providers, Inc., did not exercise any independent judgment while entering into the Agreement with Plaintiff. Rather,

9

EmCare Physician Providers, Inc., did exactly what its parent Envision Healthcare Holdings, Inc., instructed it to do.

The fact that EmCare Physician Providers, Inc., was under the control of its parent companies also serves to demonstrate that legal formalities were not observed with respect to EmCare Physician Providers, Inc., and its parent entities. David Copple conveyed to the owner and operator of Muskogee Regional Medical Center that it would have one contact person for all of its business with the various EmCare companies, thereby causing the owner and operator of Muskogee Regional Medical Center to view the various EmCare entities as one company.

With respect to "commonality of purpose," all of the named Defendants are engaged in the same business – provision of out-sourced medical services. In her declaration, Barbara Fit implies that each of the named Defendants has a "separate business function," noting that "EmCare, Inc. provides administrative management services in hospital emergency department and . . . does not directly contract with or employ physicians to provide medical care," while "EmCare Physician Providers, Inc. routinely contracts with physician practice groups." In other words, EmCare Physician Providers, Inc., and EmCare, Inc., are actually engaged in the same business – one simply does the contracting with physician practice groups at the behest of the other. Indeed, it is not EmCare Physician Providers, Inc.,'s purpose to orchestrate and enter into contracts on behalf of its corporate masters. Rather, EmCare Physician Providers, Inc.'s apparent purpose is to be a placeholder party to a contract, so that its corporate parents need not risk the liability of entering into the contract themselves; and yet, no one from EmCare Physician Providers, Inc., participated in the negotiation or drafting of the Agreement with Plaintiff – all of

which was handled by individuals employed by, and who acted at the direction of, EmCare, Inc., and Envision Healthcare Holdings, Inc.[2]

In its response brief, Plaintiff concedes that EmCare Physician Services, Inc., should be dismissed from this case, since it was a sister corporation to EmCare Physician Providers, Inc.

## IV. CONCLUSION

Based on the record before the Court, the moving Defendants' Motion for Summary Judgment should be denied. The Court finds that the moving Defendants' motion was not adequately supported in the first instance, insofar as the moving Defendants failed to comply with Local Rule 56.1. In addition, the Court's independent review of the moving Defendants' submissions, in conjunction with Plaintiff's response, show that Defendants' Motion for Summary Judgment is without merit, and that Plaintiff is entitled to summary judgment against Defendant EmCare, Inc., EmCare Holdings, Inc., and Envision Health Care Holdings, Inc., on Plaintiff's alter-ego theories of liability, as referenced in the Court's separate ruling on Plaintiff's Motion for Summary Judgment. The Court further finds that Defendant EmCare Physician Services, Inc., should be dismissed without prejudice, as referenced in the Court's separate ruling on Plaintiff's Motion for Summary Judgment.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment filed by Defendants EmCare Physician Services, Inc., EmCare, Inc., EmCare Holdings, Inc., and Envision Health Care Holdings, Inc., (Dkt. #54), is denied.

---

[2] The Court also rejects Defendants' suggestion that the alter-ego theory does not apply because Plaintiff's action sounds in contract and not tort. *See, e.g., Fanning v. Brown*, 2004 OK 7, ¶22, 85 P.3d 841, 848 (recognizing theory of piercing corporate veil in case involving negligence *and* breach of contract).

**IT IS SO ORDERED this 21st day of July, 2014.**

James H. Payne
United States District Judge
Eastern District of Oklahoma