# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WINN & ASSOCIATES, PLLC, )<br>An Oklahoma Professional Limited )<br>Liability Company, )<br>   )<br>      Plaintiff, )<br>v. )<br>   )<br>EMCARE PHYSICIAN )<br>PROVIDERS, INC., A Missouri )<br>Corporation, )<br>EMCARE, INC., A Delaware )<br>Corporation, EMCARE HOLDINGS, )<br>INC., A Delaware Corporation, )<br>EMVISION HEALTHCARE )<br>HOLDINGS, INC., A Delaware )<br>Corporation, )<br>   )<br>      Defendants. ) | Case No. CIV-13-427-JHP |

## REPORT AND RECOMMENDATION

Winn & Associates, PLLC ("Winn") sued the Defendants EmCare Physician Providers, Inc.; EmCare Physician Services, Inc.; EmCare, Inc.; EmCare Holdings, Inc.; and Envision Healthcare Holdings, Inc., in state court in the District Court of Muskogee County, Case No. CJ-2013-348. The case was removed to this Court pursuant to 28 U.S.C. § 1441 due to the assertion of diversity jurisdiction. On July 21, 2014, the Court granted the Plaintiff's motion for summary judgment [Docket No. 89], and the Plaintiff filed an Application for Attorney Fees [Docket No. 90] under 12 O.S. § 936. The Court has now referred that motion to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation. *See* Docket No. 129. For the reasons

set forth below, the undersigned Magistrate Judge hereby recommends that the Plaintiff's motion be granted and that the Plaintiff be awarded reasonable attorneys' fees in the amount of $72,963.65.

**A. Procedural History**

The Plaintiff filed this breach of contract action in state court on August 21, 2013, and the Defendants removed it to this Court on September 17, 2013. *See* Docket Nos. 1-3. The Settlement Conference in this case was held on April 1, 2014, in front of United States Magistrate Judge Kimberly E. West. *See* Docket No. 40. Following the Settlement Conference, the Plaintiff filed a Motion for Sanctions against the Defendants, alleging that Defendants had failed to bring a representative with full settlement authority to the Settlement Conference and requesting all attorneys' fees and costs related to the settlement conference, totaling $9,636.96. *See* Docket No. 45. The Plaintiff later supplemented their Motion for Sanctions, indicating that their total fees and costs related to the requested sanctions had reached $27,364.35. *See* Docket No. 125.

Shortly after the settlement conference, both parties filed opposing motions for summary judgment. *See* Docket Nos. 54, 55. The Court ultimately denied the Defendants' Motion for Summary Judgment and granted the Plaintiff summary judgment against Defendants EmCare Physician Providers, Inc.; EmCare, Inc.; EmCare Holdings, Inc.; and Envision Healthcare Holdings, Inc. (dismissing Defendant EmCare Physician Services, Inc. without prejudice). *See* Docket No. 89, at 19. In his order granting the Plaintiff's summary judgment motion, Chief District Judge James H. Payne stated:

> It is clear from the terms [of the contract] that the $35,000.00 per physician that EmCare agreed to pay Plaintiff in the event it elected to directly retain, employ, or contract with Plaintiff's physicians represents the value of the labor and services Plaintiff incurred in locating and retaining each physician.

Docket No. 89, at 7. The Court awarded compensatory and consequential damages, but reserved the issue of attorney fees "until such time as an application for payment of attorney fees and costs is made." Docket No. 89, at 19.

Following the entry of summary judgment, the Court conducted a hearing on the motion for sanctions on October 20, 2014, *see* Docket Nos. 124 and 126. On January 6, 2015, the Court found, as relevant, that: (i) the Defendants were in contempt of the Court's Settlement Conference, (ii) the Plaintiff and his counsel were entitled to reasonable costs and fees thereby associated, and (iii) the relief awarded should be limited to $11,136.96 rather than the requested $27,364.35. *See* Docket No. 128.

The Plaintiff filed the Motion for Attorney Fees on August 4, 2014, which included the attorney fees and costs related to the settlement conference that were the subject of the Motions for sanctions. *See* Docket No. 90 & Ex. 1. Following the award of sanctions on January 5, 2015, the Court referred the pending attorney fee motion to the undersigned Magistrate Judge on January 8, 2015, *see* Docket No. 129, and a hearing was conducted on February 11, 2015. *See* Docket No. 133. The parties presented no evidence at the hearing and indicated that their briefs adequately addressed the arguments supporting their respective positions as to the appropriate calculation of the reasonable attorneys' fees to be awarded, *i. e.*, the Plaintiff's request for $100,328.00 in attorney fees to be enhanced by $50,000, and the Defendant's contention that the Plaintiff is either not

entitled to fees at all or alternatively, that they be held to their initial estimate that fees would amount to approximately $35,000. The undersigned Magistrate Judge allowed the parties seven days thereafter to submit any stipulations as to the fees and costs requested, and none were submitted. After taking the matter under advisement, the undersigned Magistrate Judge now recommends that the Court award $72,963.65 to the Plaintiff as reasonable attorneys' fees and costs.

### B. Analysis

The Plaintiff's request for attorneys' fees is based in 12 O.S. § 936, which states "In any civil action to recover for labor or services rendered . . . unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." The Defendants concede that the Plaintiff is the prevailing party in this case. They nevertheless argue the Plaintiff is not entitled to fees under § 936 because this was not a case to recover for labor or services rendered, but rather a case of lost profits and liquidated damages.

As stated in *Burrows Const. Co. v. Independent School Dist. No. 2 of Stephens County*, 1985 OK 57, 704 P.2d 1136:

> It is the underlying nature of the suit itself which determines the applicability of the labor and services provisions of section 936. If the action is brought for labor and services rendered, the provisions of section 936 apply. If the nature of the suit is for damages arising from the breach of an agreement relating to labor and services the provisions of this section do not necessarily apply. The question is whether the damages arose directly from the rendition of labor or services, such as a failure to pay for those services, or from an aspect collaterally relating to labor and services, such as loss of profits on a contract involving the rendition of labor and services.

-4-

1985 OK 57 ¶ 8, 704 P.2d at 1138. In this case, the Court has already determined in the Order granting summary judgment that the underlying amount per physician as listed in the Agreement "*represents the value of the labor and services* Plaintiff incurred in locating and retaining each physician." Docket No. 89, at 7 [emphasis added]. This finding thus represents the law of the case. *See United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) ("The law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' . . . The doctrine applies in criminal as well as civil cases[.]"), *quoting Arizona v. California*, 460 U.S. 605, 618 (1983). The undersigned Magistrate Judge therefore finds that the Plaintiff is entitled to reasonable attorney fees and costs under 12 O.S. § 936.

Having determined that the Plaintiff is entitled to attorneys' fees, the undersigned Magistrate Judge must now determine the reasonable amount of such fees. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation of the "lodestar figure" typically yields a presumptively reasonable attorney's fee, though the "presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). *See also Two Old Hippies, LLC v. Catch the Bus, LLC*, 277 F.R.D. 448, 464-465 (D. N.M. 2011). "The first step in

setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1256 (10th Cir. 1998), *quoting Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds*. In making these determinations, the Court may refer to affidavits, briefs, and depositions, as well as his own knowledge and experience. *See Jones v. Eagle-North Hills Shopping Centre, L.P.*, 478 F. Supp. 2d 1321, 1326 (E.D. Okla. 2007), *citing National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1325 (D.C. Cir. 1982) *and Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F. Supp. 2d 1272, 1287 (M.D. Fla. 2005). Additionally, "there is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554. *See also Two Old Hippies, LLC v. Catch the Bus, LLC*, 277 F.R.D. at 464-465.

The Plaintiff has produced billing records from his attorneys indicating that they have incurred a total of $100,328.00 for 499.9 hours of work. This amount includes 76.9 hours of time at $275 per hour for Mr. Timothy Best, 52.5 hours at $275 per hour for Mr. Matthew Free, 325.8 hours at $185 per hour for Mr. Nathaniel Smith, and 44.7 hours at $100 per hour for paralegal Ms. Sheryl Coast. The undersigned Magistrate Judge notes that of the $100,328.00 in attorneys' fees that have been requested, $27,364.35 of that request has already been addressed in the Court's Order granting the Plaintiff's Motion

for Sanctions, in which the Plaintiff was awarded the $11,136.96 in costs and fees. Because the Court has already made an award out of that part of the fees, the undersigned Magistrate Judge declines to revisit that portion of the request. Thus, the remaining portion of fees requested and at issue is $72,963.65.

**Hourly rate.** The Defendants do not take issue with the hourly rates requested by counsel for the Plaintiff. Based on documentation provided Plaintiffs regarding customary hourly rates in Tulsa, Oklahoma [*see* Docket No. 90, Ex. 1, pp. 69-83], and the undersigned Magistrate Judge's knowledge of the local practice in general and of the attorneys in this case in particular, the undersigned Magistrate Judge therefore has no trouble concluding that $275 per hour for Mr. Best and Mr. Free, $185 per hour for Mr. Smith, and $100 per hour for Ms. Coast are reasonable hourly rates for the attorneys in this case. *See Jones,* 478 F. Supp. 2d at 1326 (noting that orders from sister courts and supporting affidavits are "helpful to the Court" and that "the Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation.").

**Hours billed.** Turning to the numbers of hours contained in the billing record, the Plaintiff's attorneys seek a collective 499.9 hours for their work in this case (adjusted down by the time already accounted for related to the motion for sanctions). Although the Defendants assert that there were several instances where multiple attorneys billed for duplicative and identical work, and argue that the Plaintiff should have reduced their request with relation to dismissed party EmCare Physician Services, Inc., they mostly object to the total amount requested, rather than as to specific details. In essence, they

have asked the Court to award the Plaintiff a total fee of $35,000, based on his initial estimate that total fees in this case would be approximately $35,000 to $40,000. Additionally, the Defendants argue that the Plaintiff is seeking to be triple compensated for the work related to the motion for sanctions through: (i) the award of sanctions, (ii) the final attorneys' fee award, and (iii) the request for an enhancement. Despite noting that some of the attorney billing hours were duplicative, the Defendants have declined to parse through the Plaintiff's attorney billing record, and even asserted at the hearing that their objections were not the "typical line-by-line" objections. *See* Docket No. 133, Attorney Fee Hr'g, February 11, 2015. After reviewing the submitted billing records, the requested attorneys' fees *do* seem to be rather high in light of the fact that they requested full compensation for travel time and multiple attorneys attended depositions and hearings, but the undersigned Magistrate Judge nevertheless finds nothing in them to be patently unreasonable in light of his own knowledge of the time required to perform the work and the attorneys who zealously represented their client in this case.

**Enhancement.** Finally, the Plaintiff has requested an enhancement of $50,000 in light of the factors enumerated in *Burk v. City of Oklahoma City*, 1979 OK 115, 598 P.2d 659 and confirmed in *Spencer v. Oklahoma Gas & Elec. Co.*, 2007 OK 76 ¶ 14, 171 P.3d 890:

> time and labor required; novelty and difficulty of the questions; skill requisite to perform the legal service; preclusion of other employment; customary fee; whether the fee is fixed or contingent; time limitations; amount involved and results obtained; experience, reputation and the ability of the attorneys involved; risk of recovery; nature and length of relationship with the client; and awards in similar causes.

2007 OK 79 ¶ 14, 171 P.3d at 895. In this case, although there was extra litigation required surrounding the issue of sanctions, this case was decided at the summary judgment level within a year after being removed to this Court. Furthermore, it was a rather straightforward breach of contract issue involving one cause of action and no cross- or counter-claims, and did not involve complex or specialized areas of the law. The Plaintiff asserts that the risk in this case was very high and that, due to the Defendants' tactics, this case required a large amount of time and skill. They also note that Mr. Best brought 26 years of experience, Mr. Free brought over 15 years, and that Mr. Smith as a two-year associate performed much of the litigation with their guidance. The Plaintiff's request and argument for an enhancement is largely based, however, on the Defendant's conduct that was the subject of the Motion for Sanctions, which has been previously addressed in the Court's Order granting the Motion for Sanctions. The undersigned Magistrate Judge therefore declines to recommend an enhancement of the fee award, finding that the $72,963.65 appropriately compensates the Plaintiff's attorneys for their work in this case.

### C. Conclusion

The undersigned Magistrate Judge PROPOSES the findings set forth above, and accordingly RECOMMENDS that the Plaintiff's Motion for Attorney Fees [Docket No. 90] be GRANTED, and that the Plaintiff be awarded $72,963.65 under 12 O.S. § 936 as the prevailing party in this case. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

IT IS SO ORDERED this 12th day of March, 2015.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma